# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYNAB JAMA,<br><br>                Petitioner,<br>    vs.<br>D.K. JOHNSON,<br><br>                Respondent. | CASE NO. 14cv1230-WQH (MDD)<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the review of the Report and Recommendation (ECF No. 13) issued by United States Magistrate Judge Mitchell D. Dembin, recommending that this Court deny Petitioner's Petition.

## I.  Background

    On August 17, 2009, Petitioner was the driver of a car involved in a drive-by shooting in the parking lot of a Denny's restaurant in the City of San Diego. (ECF No. 6 at 1). On July 26, 2010, an amended information charged both Petitioner and Abdikidir Abdillahi Guled ("Guled"), the alleged shooter, with one count of attempted murder (count 1: Cal. Pen. Code §§ 187(a) and 664), discharge of a firearm from a motor vehicle (count 2: Cal. Pen. Code § 12034(c)), and assault with a firearm (count 3: Cal. Pen. Code § 245(a)(2)). (ECF No. 6 at 1-2). The information charged that (1) the attempted murder was willful, deliberate and premeditated; and (2) Guled "personally and intentionally" discharged a handgun, proximately causing great bodily injury to a person; and (3) Petitioner was vicariously liable as a principal. Guled, but not Petitioner, was charged with assault by means of force likely to cause great bodily

injury (count 4: Cal. Pen. § 245(a)(1)), and felony vandalism (count 5: Cal. Pen. Code § 594(a),(b)(1)). *Id*.

The court denied Petitioner's pre-trial motions to sever her case from Guled's case and for dual juries, but granted her motion *in limine* to sever counts 4 and 5, which were only alleged against Guled. *Id*. at 3.

A jury trial was held between July 27, 2010, and August 12, 2010. Petitioner pled not guilty to all charges and allegations. *Id*. The jury found Petitioner guilty of counts 1 through 3, found true that the attempted murder was willful, deliberate and premeditated, and found Petitioner was vicariously liable as a principal. (ECF No. 6 at 3).

On February 25, 2011, Petitioner filed a motion for a new trial based on newly discovered evidence, prosecutorial misconduct and errors of law. On April 4, 2011, the court denied Petitioner's motion for a new trial and entered judgment against Petitioner. *Id*. Petitioner was sentenced to life with the possibility of parole for count 1 (attempted murder) and an enhancement of one year consecutive for being armed with a firearm (Cal. Pen. Code § 12022(a)(1)), five years stayed on count 2 (discharge of a firearm from a vehicle) and an enhancement of one year stayed for being armed with a firearm, and three years stayed for count 3 (assault with a firearm). *Id*.

Petitioner appealed her conviction. On January 30, 2012, Petitioner filed her opening brief, alleging: (1) the trial court erred in denying a continuance for newly discovered evidence; (2) there was insufficient evidence to find Petitioner guilty of willful, deliberate and premeditated attempted murder; (3) the trial court erred in allowing unqualified expert testimony concerning ballistics; (4) the trial court erred in failing to sever the cases of the two defendants; and (5) the court erred in failing to require the production of discovery from officer sources and requested the appellate court review the transcript of sealed proceedings. (Lodg. No. 3 at i-ii).

On May 1, 2012, the People filed its brief alleging the trial court's judgment was without error. (Lodg. No. 5). On June 25, 2012, Petitioner filed a reply brief. On June

26, 2012, Petitioner filed a petition for writ of habeas corpus in state court, asserting ineffective assistance of trial counsel on multiple grounds. (Lodg. No. 4). On January 17, 2013, the California Court of Appeal denied Petitioner's state petition for writ of habeas corpus and affirmed the trial court's judgment. (Lodg. No. 6 at 38).

On February 25, 2013, Petitioner filed a petition for review with the California Supreme Court, raising the ineffective assistance of counsel claims and the five claims described above. On May 15, 2013, the California Supreme Court denied the petition. (Lodg. No. 8).

On May 9, 2014, Petitioner, a state prisoner proceeding pro se, filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner asserts five claims: (1) the court erred in denying her request for a midtrial continuance; (2) there is insufficient evidence to support the jury's finding that the attempted murder was willful, deliberate and premeditated; (3) the court erred in allowing an investigator with the San Diego County District Attorney's Office to give unqualified expert testimony; (4) the court erred in denying Petitioner's motion to sever her trial from her co-defendant's (Guled); and (5) the court erred in failing to require the production of discovery from officer sources and requesting this Court to review the transcript of sealed proceedings. (ECF No. 1; Lodg. No. 6 at 3-4). On September 5, 2014, Respondent filed an Answer. (ECF Nos. 6, 7, 8, 9, 10). Petitioner did not file a traverse.

On July 27, 2015, the Magistrate issued the Report and Recommendation. (ECF No. 13).

**Claim One: Midtrial Continuance**

With respect to Petitioner's first claim that the court erred in denying her request for a midtrial continuance, the Magistrate found that the trial court acted within its broad discretion to deny the continuance. (ECF No. 13 at 21). The Magistrate Judge stated that:

> The California Court of Appeal found Petitioner did not meet her burden of showing the trial court abused its broad discretion by denying her motion for a two-hour midtrial continuance during the presentation of her defense. Petitioner claims that had the continuance been granted she

> would have produced exculpatory evidence the Toyota Camry at issue was in Minnesota at the time of the shooting. However, Petitioner did not present this information to the trial court when requesting the continuance. The record shows it was unlikely a continuance would have benefitted Petitioner and that the information might actually hurt her.
>
> The appellate court also found that Petitioner failed to demonstrate the denial of the continuance was prejudicial. The trial court essentially granted the two hour continuance by granting short recesses and conducting the jury instruction conference early. The crucial evidence was the victims' identifications of Petitioner – not the make and model of the car used during the shooting. If the newly discovered evidence was admitted, it would not have resulted in a more favorable outcome to Petitioner because it would not invalidate the identifications.
>
> The trial judge's decision to deny Petitioner's request for a continuance was not an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.

*Id*. at 21-23. The Magistrate Judge concluded that "The state court's decision was not objectively unreasonable. The state court's adjudication did not result in a decision contrary to federal law, was not an unreasonable application of federal law, and was not based on an unreasonable determination of the facts presented at the state proceeding." *Id*. at 24-25. (internal citations omitted). The Magistrate Judge recommends that claim one be denied.

**Claim Two: Insufficient Evidence**

With respect to Petitioner's second claim that there is insufficient evidence to support the jury's finding that the attempted murder was willful, deliberate and premeditated, the Magistrate Judge found that "[v]iewing the evidence in the light most favorable to the prosecution shows a rational trier of fact could have found the evidence against Petitioner was sufficient to prove the attempted murder was willful, deliberate and premeditated." *Id*. at 31. The Magistrate Judge stated that:

> A reasonable jury could find Petitioner's actions were deliberate and premeditated. First, a jury could rationally find Petitioner considered the shooting before it happened because she and Guled drove around the parking lot before returning to shoot at the three men. Second, the act of driving slowly for a while shows she had the opportunity to carefully think about and consider the consequences of the shooting. Third, Petitioner drove and stopped the car where Guled had a clear viewpoint to shoot at the victims, laughed, and then drove away. A jury could rationally find her actions were willful, deliberate and premeditated. The appellate court's decision was neither unreasonable nor contrary to clearly established federal law.

*Id*. at 33. The Magistrate Judge further stated that "it was not unreasonable or contrary to clearly established federal law for the appellate court to find Petitioner forfeited her claim." *Id*. The Magistrate Judge recommends that claim two be denied.

**Claim Three: Expert Testimony**

With respect to Petitioner's third claim that the court erred in allowing an investigator with the San Diego County District Attorney's Office to give unqualified expert testimony, the Magistrate Judge found that "Petitioner has not met her burden of showing the trial court erred in admitting Investigator Massey's testimony." *Id*. at 41. The Magistrate Judge stated that:

> Petitioner makes no effort to explain how Investigator Massey's testimony prejudiced her case or how Investigator Massey is not qualified as an expert. Petitioner states "Massey testified he had experience in ballistics," and testified to "exacting conclusions." (ECF No. 1 at 49). Petitioner makes the conclusory argument that "had that evidence been disallowed it is probable the outcome of the case would have been differen[t]." *Id*.
>
> Even assuming Petitioner did provide more than conclusory statements of prejudice, this Court cannot say her Due Process rights were violated by Investigator Massey's testimony on ballistics. The crucial evidence was Petitioner's identification, not ballistics. (Lodg. No. 6 at 16). Both Ismail and Mire identified Petitioner as the driver of the car at the time of the shooting. (Lodg. No. 6 at 24). Investigator Massey's testimony on ballistics bears no weight on the identification of Petitioner. Petitioner "has not shown that the testimony given by Ismail and Mire was physically impossible or inherently improbable" in conjunction with Investigator Massey's testimony. *Id*. Admitting Investigator Massey's testimony did not render the trial fundamentally unfair and the appellate court's decision was not unreasonable or contrary to clearly established federal law.

*Id*. at 41-42. The Magistrate Judge recommends that claim three be denied.

**Claim Four: Severence**

With respect to Petitioner's fourth claim that the court erred in denying Petitioner's motion to sever her trial from her co-defendant's, the Magistrate Judge found that "the court of appeal's decision not to sever the trial was not contrary to or an unreasonable application of clearly established federal law" because "[t]he jury could make a reliable finding of guilt or innocence regarding both defenses because they do not conflict with one another." *Id*. at 47.

1  Accordingly, the Magistrate Judge recommends claim four be denied.

2  **Claim Five: Confrontation Clause**

3  With respect to Petitioner's fifth claim that the court erred in failing to require
4  the production of discovery from officer sources and requesting this Court to review the
5  transcript of sealed proceedings, the Magistrate Judge found that "Seargeant Clayton's
6  testimony falls outside the scope of the Confrontation Clause and does not violate the
7  Sixth Amendment." *Id*. at 54.  The Magistrate Judge recommends that claim five be
8  denied.

9  *Id*. at 39.

10 **II.   Discussion**

11 The duties of the district court in connection with a report and recommendation
12 of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28
13 U.S.C. § 636(b)(1).  When a party objects to a report and recommendation, "[a] judge
14 of the [district] court shall make a de novo determination of those portions of the
15 [Report and Recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).
16 When no objections are filed, the district court need not review the report and
17 recommendation de novo.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir.
18 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003).  A district court
19 may "accept, reject, or modify, in whole or in part, the findings or recommendations
20 made by the magistrate judge."  Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

21 Neither party objected to the Report and Recommendation, and the Court has
22 reviewed the Report and Recommendation in its entirety.  The Court adopts the Report
23 and Recommendation in its entirety.

24 **III.   Certificate of Appealability**

25 A certificate of appealability must be obtained by a petitioner in order to pursue
26 an appeal from a final order in a section 2254 habeas corpus proceeding.  *See* 28 U.S.C.
27 § 2253(c)(1)(A); Fed R. App. P. 22(b).  Pursuant to Rule 11 of the Federal Rules
28 Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of

1  appealability when it enters a final order adverse to the applicant."

2  A certificate of appealability should be issued only where the petition presents
3  "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
4  It must appear that reasonable jurists could find the district court's assessment of the
5  petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473,
6  484 (2000). The Court finds that Petitioner has raised colorable, nonfrivolous
7  arguments. The Court grants a certificate of appealability.

## IV. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 13) is ADOPTED in its entirety. Petitioner's Petition (ECF No. 1) is DENIED. A certificate of appealability is GRANTED

DATED: August 31, 2015

**WILLIAM Q. HAYES**
United States District Judge